# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TRACY LYNN HARRIS v. JIM WORTHINGTON, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 6953      J. Weber McCraw, Judge**

---

**No. W2008-00603-CCA-R3-HC - Filed August 22, 2008**

---

The Petitioner, Tracey Lynn Harris, appeals the trial court's denial of his petition for habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.   Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J. C. McLin, J., delivered the opinion of the court, in which Alan E. Glenn and Camille R. McMullen, JJ., joined.

Tracy Lynn Harris, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 10, 2005, the Petitioner, Tracy Lynn Harris, entered a guilty plea to one count of escape, a class E felony.  For this conviction, the trial court imposed upon the Petitioner a two-year sentence in the Department of Correction.  The trial court further ordered that this two-year sentence be served consecutive to the Petitioner's outstanding sentences resulting from Carroll County convictions for first degree murder and aggravated rape.  The Petitioner received sentences of life without the possibility of parole and twenty years, respectively, for the Carroll County convictions.

1

It appears that the Petitioner previously unsuccessfully sought post-conviction relief and habeas corpus relief.

On February 8, 2008, the Petitioner filed, in the Circuit Court of Hardeman County, a petition for habeas corpus relief. As ground for relief, the Petitioner alleged that his two-year sentence of confinement is illegal as it is in direct contravention of sections 40-20-103(a) and 40-35-501(a)(2), Tennessee Code Annotated. In this regard, the Petitioner asserted that the illegal sentence is void. The Petitioner argued that he received a two-year sentence at thirty percent release eligibility. He stated that thirty percent of a two-year sentence is "219 days." He reasoned that a sentence of 219 days is prohibited by section 40-20-103(a), Tennessee Code Annotated, which proscribes a sentence of less than twelve months in the Department of Correction. Similarly, the Petitioner asserted that his two-year sentence is violative of section 40-35-501(a)(2), Tennessee Code Annotated, which states that only inmates with felony sentences or consecutive felony sentences greater than two years are eligible for parole consideration. Accordingly, he reasoned that his two-year sentence with a thirty-percent release eligibility date is illegal. Finally, the Petitioner asserts that the illegality of the two-year sentence imposed renders his guilty plea void. On February 26, 2008, the trial court entered an order dismissing the petition for habeas corpus relief. The Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner has failed to "show how his sentence is illegal." The State further contends that the Petitioner was properly sentenced to serve his two-year sentence in the penitentiary. The Petitioner has filed a response in opposition to the State's motion for affirmance. The Petitioner contends that he has asserted grounds establishing how is sentence is illegal.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor,* 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor,* 955 S.W.2d at 83).

2

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar,* 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State,* 891 S.W.2d 619 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman,* No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 16, 19-20 (Tenn. 2004); *Archer,* 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman,* 153 S.W.3d at 21. Although not acknowledged by either party, we note that the Petitioner filed his petition in the wrong court. The Petitioner is incarcerated at the Brushy Mountain Correctional Complex in Morgan County. He filed his application for the writ in the Hardeman County Circuit Court. Under Tennessee Code Annotated section 29-21-105, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The Petitioner fails to argue any reason to file in the Hardeman County Circuit Court. Additionally, although the Hardeman County Circuit Court is the court of conviction, this Court has repeatedly held that this is not a sufficient reason for filing in a court other than one where the petitioner is located. *See, e.g. Larry L. Halliburton v. State,* No. W2001-00755-CCA-R3-CO (Tenn. Crim. App., at Jackson, Jan. 30, 2002), *perm. to appeal denied,* (Tenn. July 1, 2002); *Jimmy Wayne Wilson v. State,* No. 03C01-9806-CR-00206 (Tenn. Crim. App., at Knoxville, June 24, 1999), *perm. to appeal denied,* (Tenn. Nov. 22, 1999); *Charles Bryant v. State,* No. 03C01-9803-CR-00115 (Tenn. Crim. App., at Knoxville, May 4, 1999). The Petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See Clifford W. Rogers v. State,* No. W2002-02268-CCA-R3-CO (Tenn. Crim. App., at Jackson, March 25, 2003).

Additionally, it is apparent on the record that the Petitioner's sentences of life without parole plus twenty years, imposed in October 1999, have not expired. It is equally clear that the Petitioner's two-year sentence, subsequently ordered to be served consecutively to these previous sentences, has not expired. There is nothing in the record to suggest that the sentencing court was without jurisdiction to convict or sentence the Petitioner for his crimes.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is

3

affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**